JS 44 (Rev. 11/04)    CIVIL COVER SHEET    APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MELODY DAVIS

## DEFENDANTS
LIBERTY INSURANCE CORPORATION

(b) County of Residence of First Listed Plaintiff    Cumberland County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Suffolk County, Mass
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joe Zenstein, Esquire, 435 N. Main Street, Doylestown, PA (215) 230-0800

Attorneys (If Known)
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❑ 1  U.S. Government Plaintiff

❑ 3  Federal Question (U.S. Government Not a Party)

❑ 2  U.S. Government Defendant

X 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - Med. Malpractice | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal 28 USC 157 | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 365 Personal Injury - Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881 | | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 340 Marine | **PERSONAL PROPERTY** | ❑ 650 Airline Regs. | ❑ 830 Patent | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | ❑ 660 Occupational Safety/Health | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 690 Other | | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❑ 810 Selective Service |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/Exchange |
| ❑ 190 Other Contract | | | ❑ 720 Labor/Mgmt. Relations | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge 12 USC 3410 |
| ❑ 195 Contract Product Liability | | | ❑ 730 Labor/Mgmt.Reporting & Disclosure Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate Sentence | ❑ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ Accommodations | ❑ 530 General | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 895 Freedom of Information Act |
| ❑ 240 Torts to Land | ❑ 444 Welfare | ❑ 535 Death Penalty | | | ❑ 900Appeal of Fee Determination Under Equal Access to Justice |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 540 Mandamus & Other | | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | ❑ 550 Civil Rights | | | ❑ 950 Constitutionality of State Statutes |
| | ❑ 440 Other Civil Rights | ❑ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

❑ 1 Original Proceeding

X 2 Removed from State Court

❑ 3 Remanded from Appellate Court

❑ 4 Reinstated or Reopened

❑ 5 Transferred from another district (specify)

❑ 6 Multidistrict Litigation

❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
breach of contract, bad faith pursuant to 42 Pa. C.S.A. 8371

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  In excess $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    Yes    x No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
February 24, 2015

SIGNATURE OF ATTORNEY OF RECORD
*Pamela A Carlos*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff :  28 Wallace Drive, Delmar, New York 12054
Address of Defendant:  175 Berkeley Street, Boston, MA 02117
Address of Co-Defendant:
Place of Accident, Incident or Transaction 2216 Logan Street in Camp Hill, Pennsylvania
        (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☐  No X
Does this case involve multidistrict litigation possibilities?        Yes ☐  No X

RELATED CASE, IF ANY:

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:
1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐   No X
2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐   No X
3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes ☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. Federal Question Cases: | B. Diversity Jurisdiction Cases: |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. X Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☐ All other Federal Question Cases | |
| (Please specify) | |

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I,_____, counsel of record do hereby certify:
    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
    ☐  Relief other than monetary damages is sought.

DATE: _____    _____    _____
        Attorney-at-Law                Attorney I.D.#
    **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE:  February 24, 2015    *Pamela A. Carlos*    56396
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **MELODY DAVIS** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **LIBERTY INSURANCE** | : | |
| **CORPORATION** | : | **NO.** |

    In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits    ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.    ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| **02/24/15** | **Pamela A. Carlos, Esquire** | **Liberty Insurance Corporation** |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| **(215) 665-3315** | **(215)561-6661** | **Carlos@bbs-law.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

MELODY DAVIS         :
                     :
     **vs.**            :
                     :
LIBERTY INSURANCE  :
CORPORATION      :    NO.

### NOTICE OF REMOVAL

**TO:**    Joseph Zenstein, Esquire
        Claims Worldwide, LLC
        435 N. Main Street
        Doylestown, PA  18901

PLEASE TAKE NOTICE that defendant, Liberty Insurance Corporation has filed in this

Court a verified Notice for Removal of the State Court action, <u>Melody Davis vs . Liberty Insurance</u>

<u>Corporation</u>, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania,

November Term, 2014 No. 02091.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be

filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now

removed to this Court.  The State Court has no further jurisdiction over this action and you should

proceed no further in that Court or under its authority.

                       **BY:**   _Pamela A. Carlos_

                             **PAMELA A. CARLOS, ESQUIRE**
                             **LILY K. HUFFMAN, ESQUIRE**
                             **Attorneys for Defendant**
                             **BENNETT, BRICKLIN & SALTZBURG LLC**
                             **1601 Market Street, 16th Floor**
                             **Philadelphia, PA 19103**
                             **carlos@bbs-law.com**
                             **(215) 665-3315**
                             **huffman@bbs-law.com**
                             **(215) 665-3353**

**DATE:**  _02/24/15_

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELODY DAVIS** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **LIBERTY INSURANCE** | : | |
| **CORPORATION** | : | **NO.** |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

AND NOW, comes defendant, Liberty Insurance Corporation, (hereinafter "Liberty" or "defendant") for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, November Term, 2014 No. 02091.

2.     Said action was commenced by the filing of a Writ of Summons on November 19, 2014. The Writ was served via certified mail on Liberty. After defendant filed a Rule to File Complaint, Plaintiff filed her complaint with the court on January 30, 2015. A true and correct copy of plaintiff's Complaint is attached hereto, made a part hereof and marked as Exhibit "A".

3.     The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

4.     This suit is of a civil nature and involves a controversy between citizens of different states.  Plaintiff is an individual who now, and was at the time plaintiff commenced this action, a citizen of New York.  Defendant, Liberty, is now and was at the time plaintiff commenced this civil action and filed her complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at 175 Berkeley Street in Boston, Massachusetts.

5.     Defendant, Liberty, has simultaneously with the filing of this notice, given written notice to the plaintiff.

6.       Defendant, Liberty, is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

7.       The Complaint asserts breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8371. The amount in controversy with regard to the breach of contract claim is listed to be less than $50,000. Plaintiff also attached a complaint from her public adjuster which totals approximately $11,221.00.[1]

8.       In her bad faith claim, pursuant to 42 Pa. C.S.A. §8371, plaintiff seeks in addition to compensatory damages, interest upon the amount of the contract claim against defendant at prime rate plus three percent, punitive damages, attorney's fees and costs.

9.       Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter exceeds $75,000. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.      In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

11.      The underlying lawsuit as alleged in the Complaint arises out of defendant's handling of a property damage claim to plaintiff's property located at 2216 Logan Street in Camp Hill, Pennsylvania for a loss that occurred on or about May 4, 2014.

12.      There is no specific assertion as to the amount in controversy set forth in plaintiff's complaint. However, plaintiff avers in her breach of contract claim that the damages caused by the loss was less than $50,000 and attach an estimate from Summit Public Adjusters as Exhibit "A" to the complaint which indicates total damages of approximately $11,221. See Exhibit "A".

---

[1] Defense counsel contacted plaintiff's counsel to determine if plaintiff would be willing to stipulate to cap damages. Plaintiff's counsel stated that despite the public adjuster's estimate, he was unable to stipulate to capping damages which has required Liberty to file the instant removal.

13.     With reference to her bad faith claim pursuant to 42 Pa. C.S.A. §8371, plaintiff avers that she is seeking punitive damages, interest, as well as attorney's fees and costs for litigation. Attorney's fees must also be included in determining the amount in controversy. <u>Neff vs. General Motors Corp.</u>, 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

14.     In addition, it is anticipated that plaintiff will also seek punitive damages pursuant to 42 Pa. C.S.A. §8371.  Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. <u>Bell vs. Preferred Life Assurance Soc'y</u>, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).  The contractual amount in controversy alleged in the Complaint are approximately $11,221.00 based on the allegations in the Complaint, coupled with estimated reasonable attorneys' fees, and if plaintiff is able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award five or six times the amount in controversy could be rendered by the trier of fact.

WHEREFORE, defendant, Liberty Insurance Corporation, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

By: __PAC2642__ _Pamela A Carlos_
**PAMELA A. CARLOS, ESQUIRE**
**LILY K. HUFFMAN, ESQUIRE**
**Attorney for Defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**carlos@bbs-law.com**
**(215)665-3315**
**huffman@bbs-law.com**
**(215) 665-3353**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELODY DAVIS** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **LIBERTY INSURANCE** | : | |
| **CORPORATION** | : | **NO.** |

### DEFENDANT'S CERTIFICATION OF FILING OF
### COPY OF NOTICE OF REMOVAL WITH STATE COURT

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is

a member with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Liberty

Insurance Corporation.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of

Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on

February 24, 2015.

BY: _____

**PAMELA A. CARLOS, ESQUIRE**
**Attorney for defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**Carlos@bbs-law.com**
**(215) 665-3315**

Sworn to and subscribed
before me this <u>24th</u> day
of February, 2015.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY DAVIS | : |
| | : |
| vs. | : |
| | : |
| LIBERTY INSURANCE | : |
| CORPORATION | :  NO. |

## CERTIFICATE OF SERVICE

     Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is

an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Liberty

Insurance Corporation and that she certifies that a true and correct copy of this Removal Petition was

filed electronically and is available for viewing and downloading from the Electronic Case filing

system which constitutes service upon the following counsel of record :

     Joseph Zenstein, Esquire
     Claims Worldwide, LLC
     435 N. Main Street
     Doylestown, PA  18901

BY: *Pamela A. Carlos*

**PAMELA A. CARLOS, ESQUIRE**
**Attorney for Defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
**(215) 665-3353**

**Sworn to and subscribed**
**before me this 24th day**
**of February, 2015.**

*Denise M. Patsch*
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

## AFFIDAVIT

I, Pamela A. Carlos, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, Liberty Insurance Corporation, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.


**PAMELA A. CARLOS, ESQUIRE**


**DATE:**   February 24, 2015

# EXHIBIT "A"

**CLAIMS WORLDWIDE, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Identification No.:  62349
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
jzenstein@claimsworldwide.com
(215) 230-0800

IN ARBITRATION
ASSESSMENT OF DAMAGES
HEARING REQUIRED

Filed and Attested by
PROTHONOTARY
06 JAN 2015 04:29 pm
C. FORTE

Attorney for Plaintiff

| | | |
|---|---|---|
| MELODY DAVIS<br>28 Wallace Drive<br>Delmar, NY 12054 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| | : | NOVEMBER TERM, 2014 |
| v. | : | |
| | : | NO.   2091 |
| LIBERTY INSURANCE  CORPORATION<br>175 Berkeley Street<br>Boston, MA 02117 | : | |
| | : | |

## CIVIL ACTION

### NOTICE

You have been sued in court.  If you wish to defend against Plaintiffs' claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to Plaintiffs' claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.
You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o a entregar a la corte en  forma con un abogado y escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que  si usted no se defiende, la corte tomará medidas y puede continuar la demandante y la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. INMEDIATAMENTE. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

**PHILADELPHIA COUNTY BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**One Reading Center**
**PHILADELPHIA, PENNSYLVANIA 19107**
**TELEPHONE:  (215)  238-6333**

Case ID: 141102091

**CLAIMS WORLDWIDE, LLC**
By:  JOSEPH A. ZENSTEIN, ESQUIRE
Identification No.: 62349
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
jzenstein@claimsworldwide.com
(215) 230-0800

IN ARBITRATION
ASSESSMENT OF DAMAGES
HEARING REQUIRED


Attorney for Plaintiff

| | | |
|---|---|---|
| MELODY DAVIS<br>28 Wallace Drive<br>Delmar, NY 12054 | : <br> : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>NOVEMBER TERM, 2014 |
| v. | : <br> : | NO.   2091 |
| LIBERTY INSURANCE  CORPORATION<br>175 Berkeley Street<br>Boston, MA 02117 | : <br> : <br> : <br> : | |

<u>CIVIL ACTION</u>
(1C.  Contracts;  1J.  Bad Faith)

1.      Plaintiff, MELODY DAVIS is an adult individual residing at the address as set forth above.

2.      Defendant, LIBERTY INSURANCE CORPORATION is a corporation duly organized and existing which is licensed to issue policies of insurance in the Commonwealth of Pennsylvania and maintains its principal place of business at the address set forth above.  Defendant regularly conducts business in the City and County of Philadelphia.

3.      At all times material hereto, Defendant was acting by and through its duly authorized agents, servants, workmen or employees who were acting within the course and scope of their employment and on the business of said employers.

4.      Defendant in its regular course of business, issued to Plaintiff a policy of

insurance, policy number H3728866259070, covering Plaintiff's premises located at 2216 Logan Street, Camp Hill, PA 17011. Plaintiff is not in possession of the entire policy and it is alleged that said policy is in the possession of Defendant.

5. On or about May 4, 2014, while said policy of insurance was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss to the insured premises resulting in damage to the insured premises in those areas and to the extent set forth in the estimate of Summit Public Adjusters, Inc. (hereinafter "Summit") a true and correct copy of which is attached hereto, made part hereof, and marked Exhibit "A". Plaintiff also sustained loss of rental income in the amount of $1,650 per month for a period of approximately five (5) months.

6. Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of insurance issued by Defendant, including cooperating with Liberty's investigation; mitigating damages where reasonable, required and/or possible; providing Defendant with all available information and complying with all conditions precedent.

7. Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff the benefits due and owing under said policy of insurance.

8. As a direct result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforementioned policy of insurance, as well as the mishandling of Plaintiff's claim, Plaintiff has suffered loss and damage in an amount not in excess of $50,000.00.

Case ID: 141102091

## COUNT I –BREACH OF CONTRACT

9.     Plaintiff incorporates by reference herein the facts and allegations contained in the foregoing paragraphs as though same were set forth herein at length.

10.    Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount not in excess of $50,000.00 together with interest and costs.

## COUNT II - BAD FAITH

11.    Plaintiff incorporates by reference herein the facts and allegations contained in the foregoing paragraphs as though same were set forth herein at length.

12.    Plaintiff's claim was based upon a portion of the building collapsing.

13.    Defendant denied Plaintiff's claim based on a provision of the policy which excludes coverage for damages caused as a result of improper installation.

14.    On July 29, 2014, Summit sent a letter to Defendant which states, inter alia, the following:

> "[T]he insured's HO3 policy does afford coverage for this loss because, to quote paragraph 8 regarding Collapse "we insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by …use of defective material or methods in construction".

A copy of the letter dated July 29, 2014 is attached hereto and marked as Exhibit "B".

15.    Defendant did not change its coverage position despite the July 29, 2014, letter and the express language of the policy.

16.    Defendant knowingly and intentionally misrepresented either terms and conditions of the policy and/or the facts of the claim in order to deny coverage based on

Case ID: 141102091

an exclusion that does not apply to the facts of Plaintiff's claim.

17.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

(a)     in placing its interests over the interests of its insured;

(b)     in misrepresenting terms and conditions of the policy;

(c)     in misrepresenting the facts;

(d)     in interpreting ambiguous terms of the insurance policy in its favor in order to deny a covered loss;

(e)     in denying Plaintiff's claim without any credible evidence to substantiate its basis for denial;

(f)     in implementing a plan, practice, or policy of placing its interests over those of its insureds;

(g)     in denying Plaintiff's claim without doing an inspection or proper investigation;

(h)     in failing to effectuate a fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

(i)     in treating Plaintiff with reckless indifference and disregard under the circumstances;

(j)     in not having a reasonable basis for denying Plaintiff the benefits due under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

18.     Solely as a result of Defendant's bad faith misconduct as aforesaid,

Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant for Plaintiff's covered loss and has incurred costs and other expenses in connection with said claim.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, counsel fees and costs, together with interest on Plaintiff's claim in an amount equal to the prime rate of interest plus three percent (3%), in an amount not in excess of $50,000.00.

**CLAIMS WORLDWIDE, LLC**

BY:_____ /s/ _____
JOSEPH A. ZENSTEIN, ESQUIRE
Attorney for Plaintiffs

Date: January 30, 2015

Case ID: 141102091

## VERIFICATION

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

X _____
MELODY DAVIS

FILE NO.:   526-89

Case ID: 141102091

# EXHIBIT "A"

Case ID: 141102091



Report Date: 8/30/2014
**File No. 14216**

| Contractor | Address | | | FAX |
|---|---|---|---|---|

| Property Owner | Address | Office | Home | FAX |
|---|---|---|---|---|
| Melody Davis | 2216 Logan Street | | (518) 915-1440 | |
| | Camp Hill, PA 17011 | | | |

| Building Address | | |
|---|---|---|
| | 2216 Logan Street | |
| | Camp Hill, PA 17011 | |

## Building

### Miscellaneous

| Operation | Qty | Unit | Description | Cost | Extension |
|---|---|---|---|---|---|
| Charge | 1 | | Final construction clean-up, minimum | 425.00 | 425.00 |
| Fee | 1 | EA | Dumpster, 10 cy, rental per week | 450.00 | 450.00 |
| Treat | 1 | SF | Germicide and mildewcide treatment, germicide | 120.00 | 120.00 |
| Minimum | 1 | EA | Water extraction work minimum, Standard | 280.75 | 280.75 |
| Note: by insured | | | | | |

| Miscellaneous Totals: | | | | | 1,275.75 |
|---|---|---|---|---|---|

### Bedroom

Floor 22 SY   Wall 412 SF   Ceiling 198 SF   Floor Perim. 57.5 FT   Ceiling Perim. 57.5 FT

Room-standard-1   Length 13.00 FT, Width 12.75 FT, Height 8.00 FT
Offset-standard-1   Width 10.75 FT, Depth 3.00 FT, Height 0.00 FT, Qty of Offsets 1

| Operation | Qty | Unit | Description | Cost | Extension |
|---|---|---|---|---|---|
| Minimum | 1 | EA | Move and cover room contents, average | 141.00 | 141.00 |
| Mask | 1 | EA | Mask room, large | 43.86 | 43.86 |
| Note: floors | | | | | |
| Rem & Reinstall | 1 | EA | Ceiling fan with light, standard grade | 110.41 | 110.41 |
| Remove | 198 | SF | Blown mineral wool insulation, R30 (10" deep) | 0.55 | 108.90 |
| Replace | 198 | SF | Blown mineral wool insulation, R30 (10" deep) | 1.96 | 388.08 |
| Note: ceiling | | | | | |
| Remove | 1 | SF | Acoustical plaster, Three coats on painted metal lath, on ceiling | 553.85 | 553.85 |
| Replace | 1 | SF | Acoustical plaster, Three coats on painted metal lath, on ceiling | 3,046.15 | 3,046.15 |
| Paint | 610 | SF | Drywall or Plaster, 2 coats | 0.90 | 549.00 |
| Paint | 1 | LF | Door, Panel , 2 coats | 54.00 | 54.00 |
| Remove | 57.5 | LF | Base Molding, Pattern base, 5", finger-joint pine | 0.74 | 42.55 |
| Replace | 57.5 | LF | Base Molding, Pattern base, 5", finger-joint pine | 4.59 | 263.92 |
| Remove | 57.5 | LF | Cove, 1", paint-grade pine | 0.27 | 15.52 |
| Replace | 59.8 | LF | Cove, 1", paint-grade pine | 2.29 | 136.94 |
| Paint | 117 | LF | Wood trim, simple design, 2 coats | 1.32 | 154.44 |
| Remove | 198 | SF | Plank flooring, Red oak, #1 common grade | 0.47 | 93.06 |
| Replace | 198 | SF | Plank flooring, Red oak , #1 common grade | 11.99 | 2,374.02 |

| Bedroom Totals: | | | | | 8,075.70 |
|---|---|---|---|---|---|

| | Subtotal | 9,351.45 |
|---|---|---|
| | Overhead | 935.15 |
| | Profit | 935.15 |
| | **Building Total:** | 11,221.75 |

Created using PowerClaim ®. 1-800-736-1246

Page 1
Case ID: 141102091



Report Date: 8/30/2014
**File No. 14216**

## Loss of Rent / Income

**Miscellaneous**

| Operation | Qty | Unit | Description | Cost | Extension |
|---|---|---|---|---|---|
| Charge | 1 | LF | Loss of Rent / Income, minimum | 0.00 | 0.00 |
| | | | Note: specific dates and time span yet to be determined | | |

**Miscellaneous Totals:** 0.00

**Loss of Rent / Income Total:** 0.00

Estimate based upon scope and discussion with Insured at initial inspection regarding damages. This estimate may be subject to additions or deletions after inspection with Insurance Company. In some instances damages may worsen or be aleviated due to drying. Some items include, i.e. roofing, siding, painting, flooring includes areas of continuation due to matching or non availability of items. Carpet and or carpet pad replacement may be included due to grey or black water exposure. Any remediation bills attached to this estimate may be paid direct to the service provider. Any discrepencies with any attached bills should be directed to the contractor. If containment barriers are included in this estimate it is based upon EPA guidelines for lead containment, saftey barriers and removal.

EXHIBIT "B"

Case ID: 141102091

July 29, 2014



## SUMMIT PUBLIC ADJUSTERS, INC.
*Adjusting Your Insurance Claims Is Our Top Priority!*

*2436 Bristol Road*
*Bensalem, PA 19020*
*Office: (215) 752-0560*
*Fax: (215) 752-0561*

Liberty Mutual Insurance Company
ATTN: Kathleen Zimmardi
P.O. Box 1053
Montgomeryville, PA 18936-1053

RE: Melody Davis
    2216 Logan Street
    Camp Hill, PA 17011
    CLAIM#: 029661622-01

Dear Kathleen:

Please regard this as another rejection of your denial of this claim.

In your letter dated July 17, 2014 you stated that Liberty Mutual is unable to afford coverage for this loss because *"we have determined that your policy does not afford coverage for damage resulting deterioration or from improper installation"*. You also quote from the section 1 paragraph 2 – Perils Insured Against – portion of the insured's policy which states that Liberty Mutual does not cover losses caused by *"wear and tear, marring, deterioration"*.

Please be advised that your determination is wrong for several reasons. First, the insured's HO3 policy does afford coverage for this loss because, to quote paragraph 8 regarding Collapse *"we insured for direct physical loss to covered property involving collapse of a building or any part of a building caused by 1 or more of the following: b. hidden decay,   f. use of defective material or methods in construction"*. Second, when Liberty Mutual's policy refers to wear and tear, marring, and deterioration, they are referring to water losses with repeated seepage issues.

Clearly this collapse meets the criteria for being a covered loss. In fact, you contradicted yourself, and the policy language, when you admitted that the loss resulted from deterioration and improper installation (covered loss under policy terms) and then proceeded to deny the claim. I highly suggest you re-read the policy language if you are still unsure about the coverages.

I have attached a copy of my revised estimate for your review. Please contact me at your earliest possible convenience to discuss this matter before the insured moves forward with litigation.

Sincerely,

Rick Eastburn

Enclosure: estimate
Cc: insured

Case ID: 141102091